IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, as Subrogee of Michael Scott Moore,<br><br>Plaintiff,<br><br>v.<br><br>MR. GRIFFIN HEATON,<br><br>Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

COMES NOW Plaintiff, Garrison Property and Casualty Insurance Company, as Subrogee of Michael Scott Moore, by and through its undersigned counsel, and for its Complaint against Defendant Mr. Griffin Heaton, respectfully states to the Court and alleges the following:

## PARTIES

1. Plaintiff Garrison Property and Casualty Insurance Company ("Garrison") is a company organized and existing under the laws of the State of Texas, with its principal place of business located in San Antonio, Texas. At all times relevant to the allegations contained herein, Garrison was an insurance company licensed and authorized to conduct business in the State of North Carolina.

2. Michael Scott Moore ("Mr. Moore") is a natural person, citizen, and resident of the State of North Carolina, who at all times relevant to the allegations contained herein, owned the real property and improvements and personal property located at 646 McIntosh Circle, Hayesville, North Carolina 28904 (the "Moore House").

3. At all times relevant to the allegations contained herein, Garrison provided insurance coverage to Mr. Moore against losses arising from certain hazards to the Moore House and Mr. Moore's property. At all relevant times, including the date of the incident giving rise to this action, this policy was in full force and effect.

4. Defendant Griffin Heaton (hereinafter "Mr. Heaton") is a natural person, citizen, and resident of the State of Georgia.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states in that the citizenship of the plaintiff is completely diverse from the citizenship of the defendant.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that a substantial part of the events, acts and omissions giving rise to this claim occurred, or a substantial part of the property that is the subject of the action is situated, in Hayesville, Clay County, North Carolina.

## FACTS

7. On July 4, 2023, a fire occurred at the Moore House, which resulted in substantial damage to the Moore House and Mr. Moore's property (the "Fire").

8. Prior to the Fire, Mr. Heaton was shooting off fireworks near the Moore House.

9. After shooting off fireworks near the Moore House, Mr. Heaton placed spent and used fireworks on the back of a golf cart.

10. After placing spent and used fireworks on the back of a golf cart, Mr. Heaton parked the golf cart inside Mr. Moore's garage.

11. After Mr. Heaton parked the golf cart inside Mr. Moore's garage, he made no effort to remove the spent and used fireworks from the golf cart.

12. Mr. Heaton did not return to the golf cart after he parked it inside Mr. Moore's garage.

13. The golf cart was turned off, dormant, and not in use after Mr. Heaton parked it inside Mr. Moore's garage.

14. Approximately twenty minutes after Mr. Heaton parked the golf cart inside Mr. Moore's garage, flames came from the back of the golf cart where Mr. Heaton had placed the spent and used fireworks.

15. A security video camera at Mr. Moore's house shows the golf cart was not in use at the time of the Fire, and the golf cart was not being loaded or unloaded at the time of the Fire.

16. Mr. Heaton negligently left spent fireworks debris on the back of the golf cart when he parked the golf cart inside Mr. Moore's garage.

17. The direct and proximate cause of the Fire was Mr. Heaton's negligent disposal of spent fireworks debris.

18. The Fire spread from the golf cart to the Moore House and caused significant property damage to the Moore House and Mr. Moore's property.

19. As a direct and proximate result of the damage caused by the Fire, Mr. Moore filed a property insurance claim with Plaintiff Garrison. Garrison, in response to this property insurance claim and in accordance with its obligations under the policy, has paid in excess of One Million One Hundred Twenty-Five Thousand One Hundred Sixty-Nine and 00/100 Dollars ($1,125,169.00) to date for damages caused by the Fire.

20. To the extent of its payments for damage to covered property under the applicable property insurance policy, Garrison is subrogated to all rights and claims Mr. Moore may have against Mr. Heaton.

21. The acts and omissions of Mr. Heaton directly and proximately caused the damages sustained by Plaintiff Garrison. Accordingly, Mr. Heaton is liable to Plaintiff Garrison for the previously described damages.

22. Mr. Heaton is not an insured under the applicable Garrison insurance policy.

23. All conditions precedent to bringing the cause of action contained herein have been met and this Complaint has been filed prior to any and all applicable claims limitations periods, including the applicable statutes of limitations.

## COUNT I – NEGLIGENCE
### (Mr. Griffin Heaton)

24. Plaintiff hereby incorporates and realleges Paragraphs 1 – 23 as if fully stated herein.

25. Mr. Heaton owed a duty to exercise reasonable and due care with respect to how he conducted himself so as not to cause harm to the Moore House or Mr. Moore's property.

26. Defendant Mr. Heaton breached his applicable duty of care by his wrongful and negligent acts and omissions, which include, but are not limited to:

    a. Permitting dangerous and/or defective conditions to exist at or near the Moore House when he knew, or should have known, that such conditions would create an unreasonable risk of fire, damage and destruction to the Moore House and Mr. Moore's property;

    b. Failing to take all precautions necessary under the circumstances to safeguard the Moore House and Mr. Moore's property from risk of fire;

    c. The negligent disposal of spent fireworks debris which directly and proximately caused the Fire and damage to the Moore House and Mr. Moore's property;

4

Case 1:25-cv-00270-MR-WCM    Document 1    Filed 08/19/25    Page 4 of 5

    d.    Negligently destroying or damaging the Moore House and Mr. Moore's Property;

    e.    Failing to act in a reasonable and prudent manner; and

    f.    Otherwise failing to use due care in ways that may be disclosed during discovery.

27. It was reasonably foreseeable to Mr. Heaton that leaving spent fireworks debris on the back of the golf cart inside Mr. Moore's garage could cause the Fire and damage to the Moore House and Mr. Moore's property.

28. As a direct and proximate result of the negligent and careless acts and omissions of Mr. Heaton, Plaintiff has suffered damages to date in excess of One Million One Hundred Twenty-Five Thousand One Hundred Sixty-Nine and 00/100 Dollars ($1,125,169.00).

WHEREFORE, Plaintiff Garrison Property and Casualty Insurance Company, as Subrogee of Michael Scott Moore, hereby demands judgment against Defendant Griffin Heaton in an amount of at least One Million One Hundred Twenty-Five Thousand One Hundred Sixty-Nine and 00/100 Dollars ($1,125,169.00), together with its attorneys' fees, interest, the costs of this action, and such other and further relief as this Court deems just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY IN THIS ACTION.

FALLS LAW FIRM, PLLC

By: /s/ H. Lee Falls, III
H. Lee Falls, III, NC Bar #36183
FALLS LAW FIRM, PLLC
1712 Euclid Avenue
Charlotte, NC 28203
Phone: 704-314-4845
Fax:    704-519-2522
lfalls@fallslawfirm.com